UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | | |
|---|---|---|
| SALEM AMARI, | : | |
| | : | 13CV4337(LTS) |
| Plaintiff, | : | |
| | : | |
| - against - | : | AMENDED COMPLAINT |
| | : | AND DEMAND FOR JURY TRIAL |
| THE CITY OF NEW YORK, STANLEY HARRY | : | |
| ABIOLA BROWN, RALPH PERFETTO, and | : | ECF CASE |
| "JOHN DOE" #1, Individually and in Their | : | |
| Official Capacities, | : | |
| | : | |
| Defendants | : | |

---------------------------------------------------------------x

Plaintiff, by his attorneys, MICHELSTEIN & ASSOCIATES, PLLC , complaining of the

defendants, alleges:

## NATURE OF THE ACTION

1.   This is a civil rights action to redress the defendants' violation of the rights accorded

to plaintiff Salem Amari by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of

the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws of the

State of New York.

2.   Plaintiff Salem Amari is a citizen of the United States who was lawfully present on

Craven Street, Bronx, New York, on May12, 2012, when the individual defendants, who were New

York City Police Officers, sprayed mace or a similar substance in his face, struck him with batons,

handcuffed him, arrested him on false criminal charges of Disorderly Conduct and Resisting Arrest,

struck him again with a baton while dragging him to a police car, sprayed mace or a similar

substance in his mouth when he cried out for help, transported him to the 41st Precinct, subjected

him to a pat-down search, and subsequently transported him to Bronx Central Booking, where he

was confined until his arraignment, and instituted a criminal proceeding against him in Bronx Supreme Court, Criminal Division, which was dismissed on September 24, 2012.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of plaintiff Salem Amari's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution..

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Stanley Harry, Abiola Brown and Ralph Perfetto can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Salem Amari is a citizen of the Untied States who resides in the County of Bronx, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Stanley Harry is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Stanley Harry was acting within the scope of his employment by defendant The City of New York.

11. Defendant Abiola Brown is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein, defendant Abiola Brown was acting within the scope of her employment by defendant The City of New York.

13. Defendant Ralph Perfetto is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

14. At all times relevant herein, defendant Ralph Perfetto was acting within the scope of his employment by defendant The City of New York.

15. Defendant "John Doe" #1 is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

16. At all times relevant herein, defendant "John Doe #1 was acting within the scope of his employment by defendant The City of New York.

## NOTICE OF CLAIM

17. On August 9, 2012, and within 90 days of the accrual of the causes of action for assault and battery and false imprisonment herein, plaintiff Salem Amari served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

18.  On November 28, 2012, and within 90 days of the accrual of the cause of action for malicious prosecution, plaintiff Salem Amari served on the Comptroller of the City of New York a Supplemental Notice of Claim setting forth the time when, the place where and the manner in which his claim for malicious prosecution arose.

19.  More than thirty days have elapsed since the plaintiff's Notices of Claim were served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

20.  Plaintiff incorporates by reference paragraphs 1 through 19 of this complaint as though the same were set forth fully herein.

21.  On May 12, 2012, at approximately 4:00 a.m., plaintiff Salem Amari was lawfully present on Craven Street, near the intersection of Randall Avenue, in the County of the Bronx, City and State of New York.

22.  On May 12, 2012, at approximately 4:00 a.m., one of the individual defendants sprayed mace or a similar substance in plaintiff Salem Amari's face.

23.  Two of the individual defendants then proceeded to strike plaintiff Salem Amari with batons.

24.  One of the individual defendants then handcuffed plaintiff Salem Amari.

25.  The individual defendants arrested plaintiff Salem Amari on charges of Disorderly Conduct and Resisting Arrest.

26.  The charges of Disorderly Conduct and Resisting Arrest were false.

27.  The defendants did not have a warrant or other legal process authorizing the arrest of plaintiff Salem Amari.

28. The individual defendants then dragged plaintiff Salem Amari to a police car.

29. As the individual defendants were dragging plaintiff Salem Amari to a police car, the plaintiff fell and defendant Abiola Brown struck him with a baton.

30. When plaintiff Salem Amari pleaded for help, one of the individual defendants sprayed mace in his mouth.

31. Plaintiff Salem Amari was then placed in a police vehicle and transported to the 41st Precinct, where he was imprisoned for a period of time.

32. Plaintiff Salem Amari was subsequently transported to Bronx Central Booking, where he continued to be imprisoned.

33. On information and belief, on May 12, 2012, defendant Stanley Harry falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Salem Amari had been standing and screaming in the middle of the street and refused to move when defendant Stanley Harry asked him to do so, and that when defendant Stanley Harry attempted to arrest plaintiff Salem Amari, the plaintiff flailed his arms, tucked his arms around his stomach, and pulled his arms backwards, refusing to be handcuffed.

34. On May 12, 2012, defendant Stanley Harry instituted a criminal proceeding against plaintiff Salem Amari, under the name Salema Amari, in Bronx Supreme Court, Criminal Division, under Docket No. 2012BX028145, accusing the plaintiff of the crime of Resisting Arrest and the violation of Disorderly Conduct.

35. Shortly before 1:00 a.m. on May 13, 2012, plaintiff Salem Amari was arraigned before a judge in Bronx Supreme Court, Criminal Division, and was released on his own recognizance.

36. On information and belief, on May 12, 2012 or on July 6, 2012, defendant Stanley Harry falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney, in further support of the criminal proceeding against plaintiff Salem Amari, that there had been approximately thirty individuals on the sidewalk observing the plaintiff and that the plaintiff had been screaming obscenities from the middle of the street.

37. On September 24, 2012, the criminal proceeding instituted by defendant Stanley Harry against plaintiff Salem Amari was dismissed based on a decision and order of Acting Supreme Court Justice Patricia Anne Williams dated July 13, 2012.

## COUNT ONE
## USE OF EXCESSIVE FORCE UNDER 42 U.S.C. §1983

38. Plaintiff incorporates by reference paragraphs 1 through 37 of this complaint as though the same were set forth fully herein.

39. Defendants Stanley Harry, Abiola Brown, Ralph Perfetto and "John Doe" #1 used excessive and unreasonable force against plaintiff Salem Amari.

40. The level of force used by defendants Stanley Harry, Abiola Brown, Ralph Perfetto and "John Doe" #1 against plaintiff Salem Amari was objectively unreasonable.

41. The use of excessive force by defendants Stanley Harry, Abiola Brown, Ralph Perfetto and "John Doe" #1 deprived plaintiff Salem Amari of his right to be secure in his person.

42. Defendants Stanley Harry, Abiola Brown, Ralph Perfetto and "John Doe" #1 were acting under color of state law when they used excessive force against plaintiff Salem Amari.

43. Defendants Stanley Harry, Abiola Brown, Ralph Perfetto and "John Doe" #1 deprived plaintiff Salem Amari of his right to be secure in his person guaranteed by the Fourth

Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by using excessive force against him.

44. As a result of the defendants' use of excessive force, plaintiff Salem Amari sustained physical injury.

45. As a result of the defendants' use of excessive force, plaintiff Salem Amari experienced pain, physical and emotional distress, hardship and anxiety.

**COUNT TWO**
**FALSE IMPRISONMENT UNDER 42 U.S.C. §1983**

46. Plaintiff incorporates by reference paragraphs 1 through 45 of this complaint as though the same were set forth fully herein.

47. The  seizure, arrest, and imprisonment of plaintiff Salem Amari by defendants Stanley Harry, Abiola Brown, Ralph Perfetto and "John Doe" #1 were made without any warrant or other legal process directing or authorizing his seizure, arrest, or imprisonment.

48. The seizure, arrest, and imprisonment of plaintiff Salem Amari were made without probable cause to believe that he had committed a crime or offense.

49. The charges upon which  defendants Stanley Harry, Abiola Brown, Ralph Perfetto and "John Doe" #1 arrested plaintiff Salem Amari were false.

50. The charges were made by defendants Stanley Harry, Abiola Brown, Ralph Perfetto and "John Doe" #1 against plaintiff Salem Amari with knowledge that they were false.

51. Plaintiff Salem Amari was aware of his seizure, arrest and imprisonment by defendants Stanley Harry, Abiola Brown, Ralph Perfetto and "John Doe" #1.

52. Plaintiff Salem Amari did not consent to his seizure, arrest or imprisonment.

53. As a result of the foregoing, plaintiff Salem Amari was deprived of his liberty, was imprisoned, was subjected to mental and physical distress, and suffered embarrassment and humiliation.

54. The seizure, arrest and imprisonment of plaintiff Salem Amari deprived him of his right to be free of unlawful searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

55. Defendants Stanley Harry, Abiola Brown, Ralph Perfetto and "John Doe" #1 were acting under color of state law when they seized, arrested and imprisoned plaintiff Salem Amari.

56. Defendants Stanley Harry, Abiola Brown, Ralph Perfetto and "John Doe" #1 deprived plaintiff Salem Amari of his rights to be secure in his person and to be free of unlawful searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting and imprisoning him on false criminal charges.

## COUNT THREE
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

57. Plaintiff incorporates by reference paragraphs 1 through 56 of this Complaint as though the same were set forth fully herein.

58. The criminal charges brought by defendant Stanley Harry against plaintiff Salem Amari in Bronx Supreme Court, Criminal Division, were false.

59. Defendant Stanley Harry instituted the criminal proceeding against plaintiff Salem Amari with knowledge that the charges were false.

60.  Defendant Stanley Harry instituted the criminal proceeding against plaintiff Salem Amari without probable cause to believe that plaintiff Salem Amari had committed the offense and crime charged.

61.  Defendant Stanley Harry was acting with malice when he commenced the criminal proceeding against plaintiff Salem Amari.

62.  The criminal proceeding instituted by defendant Stanley Harry against plaintiff Salem Amari was terminated in plaintiff Salem Amari's favor.

63.  Defendant Stanley Harry was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Salem Amari had been standing and screaming in the middle of the street and refused to move when defendant Stanley Harry asked him to do so, and that when defendant Stanley Harry attempted to arrest plaintiff Salem Amari, the plaintiff flailed his arms, tucked his arms around his stomach, and pulled his arms backwards, refusing to be handcuffed.

64.  Defendant Stanley Harry was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that there had been approximately thirty individuals on the sidewalk observing the plaintiff and that the plaintiff had been screaming obscenities from the middle of the street.

65.  Defendant Stanley Harry was acting under color of state law when he commenced a criminal proceeding against plaintiff Salem Amari in Bronx Supreme Court, Criminal Division.

66.  Defendant Stanley Harry deprived plaintiff Salem Amari of his right to be secure in his person from unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States. under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Salem Amari on false charges

67. Defendant Stanley Harry deprived plaintiff Salem Amari of his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Salem Amari on false charges.

68. As a result of the criminal proceeding instituted by defendant Stanley Harry, plaintiff Salem Amari was greatly humiliated, was subjected to mental and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

## COUNT FOUR
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

69. Plaintiff incorporates by reference paragraphs 1 through 68 of this Complaint as though the same were set forth fully herein.

70. The acts of excessive force against plaintiff Salem Amari complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

71. The acts of excessive force against plaintiff Salem Amari complained of were carried out by the individual defendants in their capacities as police officer pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

72. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of employing excessive force against individuals in violation of the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.

73. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the standards for appropriate and inappropriate use of force against individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during encounters with members of the public;

(c) Defendant The City of New York failed properly to monitor the conduct of its police officers to determine if its police officers were following proper standards for use of force against members of the public consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(d) Defendant The City of New York failed to discipline police officers for employing excessive force against members of the public.

74. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

75. The use of excessive force by defendants Stanley Harry, Abiola Brown, Ralph Perfetto and "John Doe" #1 against plaintiff Salem Amari resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of appropriate and inappropriate use of force against members of the public.

76. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to use excessive force against members of the public.

77. Defendant The City of New York deprived plaintiff Salem Amari of his right to be secure in his person guaranteed by the Fourth and Fourteenth Amendments of the Constitution of

the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and

enforcing a policy, practice or custom of using excessive force against members of the public.

78.  The aforesaid conduct of defendant The City of New York violated plaintiff Salem

Amari's rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments of the

Constitution of the United States.

<b>COUNT FIVE<br>MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983</b>

79.  Plaintiff incorporates by reference paragraphs 1 through 78 of this Complaint as

though the same were set forth fully herein.

80.  The seizure, arrest and imprisonment of plaintiff Salem Amari were carried out by

defendants Stanley Harry, Abiola Brown, Ralph Perfetto  and "John Doe" #1 in their capacities as

police officers and employees of defendant The City of New York, with all the actual and/or

apparent authority attendant thereto.

81.  The seizure, arrest and imprisonment of plaintiff Salem Amari were carried out by

defendants Stanley Harry, Abiola Brown, Ralph Perfetto  and "John Doe" #1 in their capacities as

police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City

of New York and the New York City Police Department, all under the supervision of ranking officers

of said department.

82.  Defendant The City of New York implemented, enforced, encouraged and sanctioned

a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the

Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the

Constitution of the United States.

83. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

(d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

84. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

85. The seizure, arrest and imprisonment of plaintiff Salem Amari on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

86. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless

arrests without probable cause.

87.  Defendant The City of New York deprived plaintiff Salem Amari of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for warrantless arrests and the standards of probable cause.

88.  The aforesaid conduct of defendant The City of New York violated plaintiff Salem Amari's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT SIX
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

89.  Plaintiff incorporates by reference paragraphs 1 through 88 of this Complaint as though the same were set forth fully herein.

90.  Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Stanley Harry, Abiola Brown, Ralph Perfetto and "John Doe" #1 were unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

91.  Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these and other officers.

92.  The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

93.  Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of the plaintiff would be violated.

94.  Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Salem Amari.

95.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

96.  Defendant The City of New York deprived plaintiff Salem Amari of his rights to be secure in his person, to be free of unlawful searches and seizures, and not bo be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

**COUNT SEVEN**
**COMMON LAW BATTERY**

97.  Plaintiff incorporates by reference paragraphs 1 through 96 of this Complaint as though the same were set forth fully herein.

98. Defendants Stanley Harry, Abiola Brown, Ralph Perfetto, "John Doe" #1 and the City of New York committed a battery on the person of plaintiff Salem Amari by spraying mace or a similar substance in the plaintiff's face.

99. As a result of the foregoing, plaintiff Salem Amari was injured.

100. As a result of the foregoing, plaintiff Salem Amari experienced pain, physical and emotional distress, hardship and anxiety.

**COUNT EIGHT**
**COMMON LAW ASSAULT AND BATTERY**

101. Plaintiff incorporates by reference paragraphs 1 through 100 of this Complaint as though the same were set forth fully herein.

102. Defendants Stanley Harry, Abiola Brown, Ralph Perfetto, "John Doe" #1 and the City of New York committed an assault and battery on the person of plaintiff Salem Amari by striking him about the body with batons.

103. As a result of the foregoing, plaintiff Salem Amari was injured.

104. As a result of the foregoing, plaintiff Salem Amari experienced pain, physical and emotional distress, hardship and anxiety.

**COUNT NINE**
**COMMON LAW ASSAULT AND BATTERY**

105. Plaintiff incorporates by reference paragraphs 1 through 104 of this Complaint as though the same were set forth fully herein.

106. Defendants Abiola Brown and the City of New York committed an assault and battery on the person of plaintiff Salem Amari by striking him with a baton after the plaintiff fell while being dragged toward a police vehicle.

107. As a result of the foregoing, plaintiff Salem Amari was injured.

108.  As a result of the foregoing, plaintiff Salem Amari experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT TEN
## COMMON LAW ASSAULT AND BATTERY

109.  Plaintiff incorporates by reference paragraphs 1 through 108 this Complaint as though the same were set forth fully herein.

110.  Defendants Stanley Harry, Abiola Brown, Ralph Perfetto, "John Doe" #1 and the City of New York committed an assault and battery on the person of plaintiff Salem Amari by spraying mace or a similar substance in the plaintiff's mouth when he cried out for help.

111.  As a result of the foregoing, plaintiff Salem Amari was injured.

112.  As a result of the foregoing, plaintiff Salem Amari experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT ELEVEN
## COMMON LAW FALSE IMPRISONMENT

113.  Plaintiff incorporates by reference paragraphs 1 through 112 of this Complaint as though the same were set forth fully herein.

114.  Defendants Stanley Harry, Abiola Brown, Ralph Perfetto, "John Doe" #1 and The City of New York falsely imprisoned plaintiff Salem Amari by seizing, arresting and imprisoning him on false charges of Disorderly Conduct and Resisting Arrest.

115.  As a result of the foregoing, plaintiff Salem Amari was deprived of his liberty, was imprisoned, was subjected to mental and physical distress, and suffered embarrassment and humiliation.

## COUNT TWELVE
## COMMON LAW MALICIOUS PROSECUTION

116.  Plaintiff incorporates by reference paragraphs 1 through 115 of this complaint as though the same were set forth fully herein.

117.  Defendants Stanley Harry and The City of New York maliciously prosecuted plaintiff Salem Amari on false charges of Disorderly Conduct and Resisting Arrest.

118.  As a result of the criminal proceeding instituted by defendants Stanley Harry and The City of New York, plaintiff Salem Amari was subjected to mental and physical distress and was exposed to public ridicule, scorn, humiliation and embarrassment.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff Salem Amari respectfully requests that this Court grant the following relief:

A.  Award plaintiff Salem Amari compensatory damages to be determined by the jury at the time of trial;

B.  Award plaintiff Salem Amari punitive damages to be determined by the jury at the time of trial;

C.  Award plaintiff Salem Amari reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D.  Grant such further relief as the Court deems necessary and proper.

### JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
          December 4, 2013

MICHELSTEIN & ASSOCIATES, PLLC

By: _____

Steven Michelstein (SM3323)

Attorneys for Plaintiffs

485 Madison Avenue - Suite 1300

New York, New York 10022

(212) 588-0880